IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| KIMBERLY COLLINS,<br><br>      Plaintiff,<br><br>v.<br><br>CHARLESTON PLACE, LLC,<br>d/b/a BELMOND CHARLESTON PLACE,<br><br>      Defendant. | C. A. No: 2:15-cv-4465-PMD-BM |

## DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

COMES NOW Defendant and submits these Objections to the United States Magistrate Judge's Report and Recommendation (Dkt. No. 30), pursuant to 28 U.S.C. § 626(b) and Fed. R. Civ. P. 72(b).

### I.  Introduction and Objection

On March 24, 2017, the Magistrate Judge filed a Report and Recommendation, recommending dismissal, with prejudice, of Plaintiff's disparate treatment race discrimination claims brought pursuant to Title VII and 28 U.S.C. § 1981. Defendant agrees with this portion of the Magistrate Judge's R&R and does not object to the Court's adoption of this recommendation.

However, the Magistrate Judge recommended dismissal, <u>without</u> prejudice, of Plaintiff's claim for wrongful termination in violation of public policy, "in order to allow Plaintiff to pursue this claim in state court, if she desires to do so." (R&R at 34.) Defendant objects only to this portion of the R&R, as Plaintiff's wrongful discharge claim should be dismissed, <u>with</u> prejudice, by this Court.

**II.     Discussion**

This Court should retain its supplemental jurisdiction over Plaintiff's wrongful discharge claim and dismiss it, with prejudice. "Supplemental jurisdiction provides that federal courts may hear certain state law claims which are part of the same case or controversy of an action within the original jurisdiction of the federal courts." *Caughman v. SCDMV*, No. 09-503, 2010 WL 348375, at *2 (D.S.C. Jan. 26, 2010) (citing 28 U.S.C. § 1367). "A court that dismisses the claims over which it has original jurisdiction nevertheless has discretion whether to retain supplemental jurisdiction over the remaining state claim." *Id.* (citing 28 U.S.C. § 1367(c)(3)). "In exercising that discretion, the district court must consider 'convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy.'" *Id.* (quoting *Semple v. Moundsville,* 195 F.3d 708, 714 (4th Cir.1999)).

The *Semple* factors support this Court's exercise of jurisdiction over Plaintiff's wrongful discharge claim. *Id.* Plaintiff originally filed her claim in federal court, and both parties would incur additional expense if she were to refile in state court. Further, as this Court recognized in *Staley v. Computer Sciences Corp.*, No. 3:13-cv-00280-MGL, 2014 WL 6473703, at *1 (D.S.C. Nov. 18, 2014):

> The parties have been in litigation in federal court since [November of 2015]. Discovery closed in [October of 2016], after extensive written discovery and [5] depositions. Defendant's motion for summary judgment has been fully briefed [by both sides] . . . . [I]t would [therefore] be prejudicial to Defendant [and Plaintiff] to be forced to begin anew in state court, engage in duplicative efforts, expend unnecessary costs, and suffer the related delays in resolution at this late juncture.

*Id.* at *13. The Magistrate Judge has already invested significant time on this case, as shown by the exhaustive and well-reasoned analysis of the facts of this case contained in the R&R. The Magistrate Judge and this Court are, therefore, better poised to issue a ruling on Plaintiff's state law claim. This is not a situation where Defendant removed the case to federal court. Plaintiff

2

chose to file in this forum and have this Court rule on <u>all</u> her claims.[1] As such, this Court should retain supplemental jurisdiction of Plaintiff's wrongful discharge claim and not shift the responsibility to the state court.

In addition, there are no novel or complex issues surrounding Plaintiff's wrongful discharge claim that would require this Court to predict the course of uncharted areas of state law.[2] Plaintiff committed a terminable offense, which she acknowledged in her conversation with Mr. Matesi. (R&R at 8.) And as the R&R recognized:

> While the evidence about what transpired in the cafeteria has been considered in the light most favorable to the Plaintiff, there is no evidence in the record to dispute that the information relayed to Stracey (the decision maker in this case) from Etheridge, Scott, and Crawford corresponded with *their* version of the encounter, as well as with Matesi's version of his conversation with the Plaintiff. Therefore, these other individuals' testimony is relevant to show what the information was that Stracey, the decisionmaker in this case, actually had before him to consider when he made the decision to terminate Plaintiff's employment.

(*Id.* at 5-6 n.7 (emphasis in original).) There is <u>no</u> evidence that Mr. Stracey considered the content of Plaintiff's speech in making the decision to terminate her employment. (*Id.* at 16-17 ("All of the information provided to Stracey was that Plaintiff had been loud, rude and insubordinate to higher ranking officials, at least one of whom (Scott) she directly worked for, while at work and in a public place.").) Terminating an employee for insubordinate behavior is a legitimate reason for termination and does not amount to a complex issue surrounding Plaintiff's wrongful discharge claim. *Pearlman v. Pritzker*, 564 F. App'x 716, 719 (4th Cir. 2014) (in the context of a retaliation claim, there is a legitimate reason for termination where an employee engages in "insubordination, poor workplace demeanor, or angry outbursts").

---

[1] In fact, in her own Objections to the R&R, Plaintiff requests that the federal court retain jurisdiction of the state law claim. (Dkt. No. 32 at 30.)

[2] In addition, if Plaintiff re-files her claim in state court, then Defendant may seek to remove the claim to federal court on the basis of diversity jurisdiction. (*See* Compl. ¶¶ 1-2.)

Finally, the Court should not consider Plaintiff's attempt to expand the public policy exception to the at-will employment doctrine. As the South Carolina Supreme Court recently held in *Taghivand v. Rite Aid Corp.*, 768 S.E.2d 385 (S.C. 2015), "[the Courts] exercise restraint when undertaking the amorphous inquiry of what constitutes public policy." *Id.* at 387. As in *Taghivand*, *id.*, Plaintiff points to a statutory authority that she argues establishes the basis for a public policy exception: here, S.C. Code Ann. § 16-17-560. The fallacy underlying Plaintiff's argument is that all of the evidence establishes that her employer terminated her in response to her insubordinate behavior, <u>not</u> because of her political opinions. (Stracey Dep. at 180-81, 183.)

Exercising supplemental jurisdiction would serve the ends of judicial economy by avoiding the consumption of scarce judicial resources or continued delay in the resolution of this action. For these reasons, this Court should retain supplemental jurisdiction over Plaintiff's claim for wrongful termination in violation of public policy, and dismiss the claim, <u>with prejudice</u>, for the reasons discussed in Defendant's Motion for Summary Judgment and Memorandum in Reply in Support thereof.

### III.     <u>Conclusion</u>

For the reasons stated above, this Court should dismiss Plaintiff's claims, in their <u>entirety</u>, <u>with prejudice</u>.

Dated this 7th day of April 2017.

                                    Respectfully submitted,

                                    *s/Luci L. Nelson*

                                    L. Gray Geddie
                                    Fed. I.D. No. 1020

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
The Ogletree Building
300 North Main Street, Suite 500 (29601)
Post Office Box 2757
Greenville, SC  29602
Telephone:     864.271.1300
Facsimile:     864.235.8806
gray.geddie@ogletreedeakins.com

                                    Luci L. Nelson
                                    Fed. I.D. No. 10341

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART
211 King Street, Ste. 200
Post Office Box 1808 (29402)
Charleston, SC 29401
Telephone:     (843) 853-1300
Facsimile:     (843) 853-9992
luci.nelson@ogletreedeakins.com

                                    *Attorneys for Defendant*