IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| KIMBERLY COLLINS,<br><br>                 Plaintiff,<br><br>v.<br><br>CHARLESTON PLACE, LLC,<br>d/b/a BELMOND CHARLESTON PLACE,<br><br>                 Defendant. | C. A. No: 2:15-cv-4465-PMD-BM |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

COMES NOW Defendant and files this Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation. (Dkt. No. 32) For the following reasons, Plaintiff's objections should be overruled, and the Report and Recommendation should be adopted by the District Judge with respect to Plaintiff's claims for disparate treatment race discrimination brought pursuant to Title VII and 28 U.S.C. § 1981.

As to Plaintiff's claim for wrongful discharge in violation of public policy, both parties are in agreement that this Court is best suited to resolve that claim. (Dkt. No. 32 at 30; Dkt. No. 33.)[1]

---

[1] In her April 13, 2017 Reply, Plaintiff, "after reconsidering the matter, . . . believes this court could uphold the Magistrate Judge and dismiss the claim without prejudice to refile in state court – especially if the court upholds the Report & Recommendation which dismisses plaintiff's Title VII and § 1981 claims." (Dkt. 34 at 7.) Plaintiff goes on to state that the issue in this case "is a novel one." (*Id.*) For the reasons discussed in Defendant's Objections to the R&R, there are no novel or complex issues surrounding Plaintiff's wrongful discharge claim (Dkt. No. 33 at 3-4), and this Court should retain jurisdiction of the claim. Plaintiff's position essentially amounts to her conceding that this Court should rule upon the claim, but only if the Court will rule in her favor; if the Court is going to grant summary judgment as to Plaintiff's claims, then Plaintiff

I.  **Plaintiff's Conduct in the Cafeteria**

Finally, after eighteen months of litigation, Plaintiff acknowledges the truth about her behavior in the employee cafeteria on April 13, 2015. In her objections, Plaintiff admits her confrontation of the three top management officials was "passionate." (Dkt. No. 32 at 3.) This characterization fits with the affidavits provided by Mr. Matesi and Mr. Crawford and the deposition testimony provided by Mr. Scott and Ms. Etheridge. This characterization also leads to Defendant's conclusion that it was not what Plaintiff said that day that matter, but it was the belligerent manner in which she lashed out at the management employees in the cafeteria. Plaintiff's inappropriate conduct towards her superiors is the precise reason Mr. Stracey decided to terminate her employment. (Stracey Dep. at 180-83, 189, 201.)

II.  **The Magistrate Judge Properly Recommended Dismissal of Plaintiff's Claims for Race Discrimination on the Basis that She Cannot Establish the Fourth Prong of a Prima Facie Case of Discrimination**

The fourth prong of a *prima facie* case of race discrimination requires Plaintiff to prove that she was discharged under circumstances that raise a reasonable inference of unlawful discrimination. *Glover v. Dep't of Corr.*, No. 3:07-4021-CMC-JRM, 2009 WL 1514406, at *8 (D.S.C. May 29, 2009) (citing *Gairola v. Commonwealth of Virginia Dep't of General Serv.*, 753 F.2d 1281, 1286 (4th Cir.1985); *Hughes v. Bedsole,* 48 F.3d 1376, 1383 (4th Cir. 1995); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

As the Magistrate Judge correctly recognized, there are many ways to establish the fourth element. (Dkt. No. 30 at 14.) *See also Braveboy v. New Millennium Bldg. Sys., Inc.*, No. 4:07-591-RBH-PJG, 2009 WL 2997514, at *4 (D.S.C. Aug. 3, 2009), *report and recommendation*

---

wants the Court to dismiss the wrongful discharge claim without prejudice for Plaintiff to refile in state court. (Dkt. 34 at 7-8.) Plaintiff's position is incongruous. This Court should rule upon Plaintiff's wrongful discharge claim, regardless of the outcome.

2

*adopted as modified*, 2009 WL 2997500 (D.S.C. Sept. 15, 2009) ("With regard to the fourth element, Supreme Court and Fourth Circuit precedents analyzing . . . Title VII show that this inference of unlawful discrimination may demonstrated in a variety of ways."). In fact, the Magistrate Judge performed a thorough analysis of the fourth prong – above and beyond the fact that Plaintiff was replaced by someone in the same protected category – and found that Plaintiff "has nonetheless also otherwise failed to establish the fourth prong of her prima facie case." (Dkt. No. 30 at 15-31.)

In her objections, Plaintiff incorrectly asserts that the Magistrate Judge would require her "to establish both comparator evidence and replacement outside her protected class to make out a prima facie case." (Dkt. No. 32 at 7 (emphasis in original).) That is not at all what the Magistrate Judge stated. (Dkt. No. 30 at 15.)

Rather, the Magistrate Judge carefully analyzed the fourth prong of Plaintiff's *prima facie* case by recognizing that: "Plaintiff does not dispute that following her termination she was replaced in her job by another Caucasian." (*Id.* at 14-15.) The Magistrate Judge did not end his analysis there, however, but continued on, recognizing that:

> Although there are exceptions to this general rule [that Defendant is entitled to summary judgment where Plaintiff was replaced by someone in her same protected class], such as when a defendant hires someone within a plaintiff's protected class in order "to disguise its act of discrimination toward the plaintiff," Plaintiff has produced no such evidence here.

(*Id.* at 15 (citing *Miles v. Dell, Inc.*, 429 F.3d 480, 488 (4th Cir. 2005); *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992)). Plaintiff has produced no evidence supporting any exception to this "general rule,"[2] and this fact alone entitles Defendant to summary judgment on

---

[2] *See Braveboy*, 2009 WL 2997514, at *4 (citing *Brown v. McLean*, 159 F.3d 898, 905 (4th Cir. 1998); *Miles*, 429 F.3d at 488-89) (in addition to the "to disguise [an] act of discrimination

3

Plaintiff's race discrimination claims. Thus, Plaintiff's other arguments regarding the fourth element of her *prima facie* case – including her arguments regarding comparator evidence (Dkt. No. 32 at 7-27) – are moot, and her claims must be dismissed. *See Gregg-Wilson v. EFC Trade, Inc.*, No. 3:12-cv-2923-TLW, 2013 WL 5231489, at *4 (D.S.C. Sept. 13, 2013) (dismissing the plaintiff's complaint on a Rule 12(b)(6) motion – and thus never even getting to the issue of whether there was comparator evidence – because the plaintiff alleged on the face of his complaint that "he was replaced by an employee in his same protected category," and thus could not state "a plausible claim for relief under § 1981 for race discrimination"), *appeal dismissed by* 557 F. App'x 244 (4th Cir. 2014) (per curiam). *See also Foreman v. Weinstein,* 485 F. Supp. 2d 608, 610 n.1 (D. Md. 2007) (explaining, in the failure to promote context, that the claim is "essentially moot" if the person promoted is in the same protected class as the plaintiff), *aff'd*, 258 F. App'x. 584 (4th Cir. 2007); *Sonpon v. Grafton Sch., Inc.,* 181 F. Supp. 2d 494, 500 (D. Md. 2002) ("[C]ourts have held that a plaintiff did not satisfy the fourth prong of the test for failure to promote where applicants of the same race and gender as the plaintiff filled the positions for which he had applied."). (*See also* Def.'s Memo. in Supp. of Mot. for Summ. J., Dkt. No. 25-1 at 11-12 (citing cases).)

### III.     Conclusion

As to Plaintiff's race discrimination claims, the Magistrate Judge's interpretation and application of the facts and controlling law in his Report and Recommendation was well-reasoned and sound. Accordingly, it is clear that Plaintiff's objections should be overruled and

---

[exception], 'the Fourth Circuit has held that the hiring of an applicant within the same protected class does not negate an inference of discrimination when a significant lapse of time occurs between the failure to hire the plaintiff and the decision to hire the other person . . . .'"). This additional exception does not apply here.

4

that Plaintiff's race discrimination claims should be dismissed, with prejudice, as a matter of law, for the reasons given by the Magistrate Judge in his Report and Recommendation.

For the reasons stated in Defendant's Objections to the Report and Recommendation (Dkt. No. 33), the Court should retain supplemental jurisdiction over Plaintiff's state law claim and dismiss it, with prejudice.

Dated this 21st day of April 2017.

Respectfully submitted,

*s/Luci L. Nelson*_____

L. Gray Geddie
Fed. I.D. No. 1020

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
The Ogletree Building
300 North Main Street, Suite 500 (29601)
Post Office Box 2757
Greenville, SC  29602
Telephone:    864.271.1300
Facsimile:     864.235.8806
gray.geddie@ogletreedeakins.com

Luci L. Nelson
Fed. I.D. No. 10341

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART
211 King Street, Ste. 200
Post Office Box 1808 (29402)
Charleston, SC 29401
Telephone:    (843) 853-1300
Facsimile:     (843) 853-9992
luci.nelson@ogletreedeakins.com

*Attorneys for Defendant*

5